# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT ECKERSLEY,<br><br>                    Plaintiff,<br>v.<br><br>WASATCH COUNTY c/o SCOTT SWEAT; MCKAY KING; CASE WADE; JEFF WINTERTON,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**<br><br>Case No. 2:18-CV-75<br><br>District Judge Jill N. Parrish |

This matter comes before the court on Plaintiff Scott Eckersley's Motion for Voluntary Dismissal filed on October 19, 2018. (ECF No 19). Defendants Wasatch County, McKay King, Case Wade, and Jeff Winterton opposed that motion on October 26, 2018. (ECF No 21). For the reasons below, Mr. Eckersley's motion is granted.

## I. BACKGROUND

Mr. Eckersley initiated this action in Utah state court in August of 2017, but he did not effect service on the defendants until January of 2018. On January 17, 2018, defendants removed the case to this court on the basis of federal question jurisdiction. Plaintiff failed to appear at the initial pretrial conference for this matter, and he also neglected to provide his initial disclosures to the defendants. On September 28, 2018, defendants filed a Motion for Judgment on the Pleadings, or in the Alternative, to Dismiss for Failure to Prosecute. (ECF No. 15). Mr. Eckersley did not file a response, and on October 26, 2018, he filed this motion for voluntary dismissal.

## II.     LEGAL STANDARD

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss an action to which a defendant has responded only upon order of the court. The purpose of the court-order requirement is "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993). "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

Factors relevant to a finding of legal prejudice include: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for dismissal; and the present stage of litigation." *Id.* These non-exhaustive factors need not all point in one direction; the overriding aim is to "insure [that] substantial justice is accorded to both parties." *Id.* "A court, therefore, must consider the equities not only facing the defendant, but also those facing the plaintiff[.]" *Id.*

## III.     ANALYSIS

Mr. Eckersley represents that a series of family tragedies in the months following the initiation of this lawsuit have made prosecution of his action impracticable at this time. His brother and father were both diagnosed with cancer, each of his grandmothers passed away over this past summer, and his brother-in-law suffered a fatal motorcycle accident in September. Following his brother's diagnosis of pancreatic cancer, Mr. Eckersley moved into his brother's home to assist with the care of his six children. His father's cancer similarly requires his assistance. Finally, he states that he intends to litigate this case—and to retain counsel for that purpose—when his circumstances are more accommodative of the demands that would entail.

Defendants, pointing to Mr. Eckersley's failure to diligently prosecute this action over the preceding ten months—including a failure to attend the initial pretrial conference—suggest that his motion ought to be denied, and that the court should resolve their pending motion for judgment on the pleadings. Upon review of the factors that guide a voluntary dismissal, the court disagrees.

First, as to the defendants' "effort and expense in preparing for trial," this case is in a very preliminary stage. Although it is true that the defendants have expended time and energy in filing an answer to the complaint as well as a motion for judgment on the pleadings, the court does not find their efforts to be substantial enough for this factor to weigh in their favor. If and when Mr. Eckersley returns to litigate this action, the defendants will have their judgment on the pleadings ready to file—which consists principally of legal arguments—and Mr. Eckersley will have counsel to advance his most persuasive arguments in response. The court finds that this factor is neutral.

Further, Mr. Eckersley has presented extenuating circumstances to account for his "delay and lack of diligence" in prosecuting this action. The court finds that those same circumstances are an adequate "explanation of the need for a dismissal." Accordingly, these two factors weigh in favor of granting the voluntary dismissal.

Finally, "the present stage of litigation" weighs strongly in favor of granting voluntary dismissal. This case was removed to this court in January of 2018. Mr. Eckersley is not seeking dismissal on the eve of trial or even after having conducted extensive discovery. Although the court does not take lightly the litigation effort expended by the defendants, this action is plainly in an incipient stage.

In sum, the court does not find that dismissal of this action without prejudice would result in "legal prejudice" to the defendants. For this reason, and with an eye toward "insur[ing that] substantial justice is accorded to both parties[,]" Mr. Eckersley's motion for voluntary dismissal is **GRANTED.** The above-captioned action is order **DISMISSED WITHOUT PREJUDICE.**

Signed November 5, 2018

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge